UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL T. BRAND** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | |
| | * | **SECTION:** |
| | * | |
| **CSX TRANSPORTATION, INC. &** | * | |
| **THE ALABAMA GREAT SOUTHERN** | * | |
| **RAILROAD COMPANY** | * | **MAGISTRATE:** |
| | * | |

*********************************************

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

    **NOW INTO COURT,** through undersigned counsel, comes the Plaintiff, Michael T. Brand, a person of full age and majority residing and domiciled in the County of Mobile, State of Alabama, and respectfully avers the following:

1.   This Honorable Court possesses federal question jurisdiction with regard to Plaintiff's claims against his railroad employer Defendant, CSX Transportation Inc. ["CSXT"], by virtue of 28 U.S.C. § 1331.  Plaintiff's claims versus CSXT arise under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

2.   This Honorable Court possesses independent subject matter jurisdiction with regard to Plaintiff's claims against Alabama Great Southern Railroad Company ["AGS"] based on the diversity of citizenship of the parties.  In addition, the amount in controversy exceeds $75,000.00, exclusive of costs and legal interest. 28 U.S.C. § 1332.  If for any reason, the jurisdictional requirements of 28 U.S.C. § 1332 are not satisfied, this Honorable Court retains

1

supplemental jurisdiction of Count II, which arises under the same "case or controversy" as Count I, under the provisions of 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of Louisiana as Orleans Parish is the parish where the cause of action arose and/or accrued, and Defendants, CSXT and AGS at all times mentioned herein were doing business in the Eastern District of Louisiana as common carriers by railroad engaged in interstate commerce.

## Count I: Federal Employer's Liability Act, 45 U.S.C. 51, *et seq.*

4. This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as FELA, to recover compensatory damages for personal injuries sustained by the Plaintiff on June 20, 2010 while employed by CSXT's Transportation Department as a railroad conductor and while engaged in interstate commerce.

5. Defendant CSXT, with its principal business establishment in Jacksonville, Florida does engage in interstate commerce as a common carrier by railroad and more particularly owns, operates, and maintains equipment and railroad track throughout the State of Louisiana, including its Gentilly railroad yard in Orleans Parish, Louisiana.

6. Under the provisions of FELA, Defendant, CSXT, is liable unto Plaintiff, Michael T. Brand, its employee, for all of the damages he sustained as a result of the negligence, carelessness, recklessness and/or federal statutory violations that CSXT committed on June 20, 2010, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

7. On June 20, 2010, Michael T. Brand, a railroad conductor, along with CSXT locomotive engineer, Fred Gibbs, departed CSXT's Gentilly yard in "New Orleans East" onto the mainline

railroad track owned and operated by co-Defendant, AGS, under instructions from AGS' yardmaster stationed at its Oliver railroad yard located in New Orleans.

8.      While proceeding south on AGS mainline railroad track to the crew change point located at Interstate 10, the Plaintiff and Mr. Gibbs encountered the East City Signal, which presented a "Stop" indication.  As a result, Mr. Gibbs, the locomotive engineer, stopped the train, and he and the Plaintiff waited inside the locomotive engine cab for instructions to proceed.

9.      After sitting at that location for approximately 30 minutes without instruction from AGS, at approximately 12:36 a.m., an unidentified male climbed aboard the locomotive, entered through the engine cab door, and began firing gun shots.  At that moment, the Plaintiff, in fear for his life and personal safety, dove to the floor, and lay motionless. While lying still in order to fool the assailant into believing he was dead, the Plaintiff felt the assailant search his pockets and remove his wallet.  A few moments later, the assailant exited the cab of the locomotive engine.

10.     In fear for his life, the Plaintiff remained absolutely still for approximately five minutes. Once Plaintiff gathered the nerve, he reached up to the locomotive engineer's controls and called AGS' Oliver Yard for help.  Moments later, the Plaintiff discovered the lifeless body of his engineer, Fred Gibbs, who had been killed in the break-in and attack.  Fearing that the assailant would return, Plaintiff laid back down motionless until first responders arrived.

11.     Plaintiff avers that at the moment gun shots rang out he dove to the floor in urgent fear for his life and sustained a physical impact.  In addition, the Plaintiff avers that at the moment of the break-in and concomitant gun fire he was placed in immediate risk of physical harm.

12.     At the time of his injuries, Plaintiff was an able-bodied railroad worker and that as a direct cause of CSXT's negligence under the Federal Employer's Liability Act (FELA) on June

3

20, 2010, Plaintiff sustained severe and debilitating psychological and emotional injuries for which he demands full recovery.

13.     Plaintiff further avers that CSXT, through its employees, agents, servants, and employees negligently, carelessly, and/or recklessly failed to provide him with a reasonably safe place to work in violation of the non-delegable provisions of the FELA, 45 U.S.C. § 51, *et seq.*, thereby causing and/or contributing to the aforementioned injuries, in whole or in part; and the negligence of CSXT includes, but is not limited to the following acts to-wit:

   A. In that CSXT, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

   B. In that CSXT, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiff was performing his duties in the manner required by Defendant;

   C. In that CSXT, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known.

   D. In that CSXT, in violation of its non-delegable duty, failed to provide Plaintiff with sufficient and proper assistance.

   E. In that CSXT failed to comply with mandated federal regulations enacted in 49 C.F.R. § 229.45, Subpart C- Safety Requirements, entitled "General Condition."

   F. In that CSXT failed to comply with mandated federal regulations enacted in 49 C.F.R. § 229.119, Subpart C- Safety Requirements, entitled "Cabs, Floors, and Passageways."

G. In that CSXT failed to exercise due care and caution commensurate with the surrounding circumstances;

H. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

14. Under the provisions of FELA, CSXT owed the Plaintiff a non-delegable duty to provide him with a reasonably safe place to work.  As such, CSXT is liable for the negligence and carelessness of not only its employees and officers, but also "agents," such as AGS, whose fault while performing under contract operational activities of CSXT contributes, in whole or in part, to Plaintiff's injury.

15. Plaintiff avers that at the time of his injury, the train he was working aboard, which was operating on AGS' mainline track, was subject to the control and coordination of AGS pursuant to a track usage agreement between CSXT and AGS.  This track usage agreement/contract was entered into by Plaintiff's FELA employer, CSXT, in furtherance of its business of transporting freight in interstate commerce.  As a result, any negligence or carelessness on the part of CSXT's agent, AGS, while performing its obligations under the track usage agreement is imputable to CSXT under the provisions of FELA.

16. As a direct result of the foregoing negligence of Defendant CSXT, its employees, officers, and agent, AGS, a terrible attack occurred onboard Plaintiff's train as set forth above, causing Plaintiff, Michael T. Brand, to sustain severe, permanent, and disabling emotional and psychological injuries; and that Plaintiff has suffered in the past and will continue to suffer in the future mental pain and anguish and loss of enjoyment of life.

17. In addition, as a direct result of the foregoing negligence of Defendant CSXT, Plaintiff, Michael T. Brand, has lost wages in the past, and will continue to lose wages in the future, and

will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

18.   Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

   A.   Mental Pain and Suffering, Past and Future;

   B.   Permanent Disability;

   C.   Loss of Enjoyment of Life;

   D.   Past and Future Lost Wages, and Fringe Benefits;

   E.   Unpaid Past and Future Medical Expenses;

19.   Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

20.   Plaintiff is entitled to and demands a trial by jury.

   WHEREFORE, Plaintiff, Michael T. Brand, prays that Defendant, CSX Transportation, Inc. be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Michael T. Brand, and against Defendant, CSX Transportation Inc., for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

### Count II: Louisiana Negligence Claim against AGS (In the Alternative)

21.   Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 20 of his Complaint as if the same were set forth at length herein.

22.   As stated in Count I, Plaintiff avers that the Defendant, AGS, falls within the meaning of the term "agent" under Section 51 of FELA because at the time of Plaintiff's injury, which

occurred on AGS property, AGS was carrying out the control and coordination of Plaintiff's train pursuant to a track usage agreement with Plaintiff's FELA employer, CSXT. For that reason, AGS' fault as set forth below is imputable to CSXT under the provisions of FELA.

However, if, and only if, a legal determination is made by this Honorable Court that AGS is not an "agent" as contemplated under FELA, 45 U.S.C. 51, Plaintiff pleads Louisiana law in the alternative:

23. Defendant, AGS, with its principal business establishment in Norfolk, Virginia does engage in interstate commerce as a common carrier by railroad, and more particularly, AGS owns and operates its mainline railroad tracks in the State of Louisiana, including the mainline railroad tracks in New Orleans, Louisiana where Plaintiff sustained his severe injuries on June 20, 2010.

24. Pursuant to the negligence law of the State of Louisiana, particularly art. 2315 of the Louisiana Civil Code, the Defendant, AGS, is liable unto Plaintiff, Michael T. Brand, for all of the damages he sustained as a result of AGS' negligence, carelessness, and/or recklessness as well as all general and equitable relief, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings for the following reasons to-wit:

   A. AGS knew, or in the exercise of reasonable care, should have known that the location on its mainline railroad tracks where Plaintiff's injury occurred was a high crime area, particularly, a frequent area of violent crime.

   B. AGS possessed such knowledge but negligently failed to issue appropriate orders, instructions, and/or communications to Plaintiff that would have provided warning that the location this crew was stopped at for over 30 minutes was unreasonably dangerous.

   C. AGS, therefore, negligently failed to use reasonably proper means, by either warning the train crew or providing a reasonably safe location along its mainline tracks for the crew to await orders to proceed to its crew change point.

   D. Other acts and omissions to be proven at trial.

25.     As a direct result of the foregoing negligence of Defendant, AGS, and its employees and officers, a terrible attack occurred onboard Plaintiff's train as set forth above, causing Plaintiff Michael T. Brand to sustain severe, permanent, and disabling emotional and psychological injuries; and that Plaintiff has suffered in the past and will continue to suffer in the future mental pain and anguish and loss of enjoyment of life.

26.     In addition, as a direct result of the foregoing negligence of Defendant AGS, Plaintiff Michael T. Brand has lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

27.     Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

   A.  Mental Pain and Suffering, Past and Future;

   B.  Permanent Disability;

   C.  Loss of Enjoyment of Life;

   D.  Past and Future Lost Wages, and Fringe Benefits;

   E.  Unpaid Past and Future Medical Expenses;

28.     Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

29.     Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Michael T. Brand, prays that Defendant, Alabama Great Southern Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Michael T. Brand, and against Defendant, Alabama Great Southern

Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

        Respectfully Submitted,

        **DAVIS • SAUNDERS, PLC**

BY:   */s/ Joseph M. Miller*
        _____
        **JOSEPH M. MILLER #30636**
        **BENJAMIN B. SAUNDERS #11733**
        **CARISA GERMAN-ODEN #31463**
        400 Mariners Plaza Drive, Suite 401
        Mandeville, Louisiana  70448
        Telephone: (985) 612-3070
        **Attorneys for Michael T. Brand**